# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-IBERIA DIVISION

| | |
|---|---|
| **JOSEPH B. WILLIAMS, JR** | **CIVIL ACTION NO. _____** |
| **VERSUS** | |
| **IBERIA PARISH SHERIFF OFFICE, SHERIFF LOUIS M. ACKAL, AND OFFICER ZACHARY SCHAUBERT** | **JUDGE _____** |
| | **MAGISTRATE _____** |

## COMPLAINT

The complaint of **JOSEPH B. WILLIAMS, JR.** "hereinafter sometimes referred to as Petitioner/Plaintiff", a person of full age and majority and domiciled in the parish of St. Mary, State of Louisiana, with respect represents:

1.

This action arises under Title 42, USC Sections 1983 and 1988. This court has jurisdiction over the action under Title 28, USC Sections 1343. Venue is proper in this Judicial District pursuant to Title 28 USC Section 1391.

2.

Made Defendants herein are:

A. **IBERIA PARISH SHERIFF'S OFFICE,** a political subdivision, Municipal

Corporation and/or political entity with the capacity to sue and be sued.

IBERIA PARISH SHERIFF'S OFFICE was the employer of Sheriff,

Defendant LOUIS M. ACKAL, and OFFICER.  "Hereinafter referred to as

IBERIA";

B. **SHERIFF LOUIS M. ACKAL, INDIVIDUALLY AND IN HIS**

**CAPACITY AS SHERIFF OF IBERIA PARISH,** a person of the full age

of majority who was at all times material hereto Sheriff of IBERIA PARISH,

State of Louisiana, and was the employer and/ or commanding officer of

Defendants, OFFICER and was responsible for the hiring, retention, training,

and supervision, and for the implementation of the IBERIA PARISH Sheriff's

OFFICE's customs, policies and procedures; Sheriff Ackal is sued in both his

individual and official capacities. "Hereinafter referred to as "ACKAL";

C. **ZACHARY SCHAUBERT,** "hereinafter referred to as OFFICER", person of

full age of majority who was at all times material hereto employed as a law

enforcement officer by IBERIA, and acting in the course and scope of his

employment. Officer is sued individually and in his official capacity as a

police officer in the employment IBERIA.

3.

At all times applicable hereto, **ACKAL** and Defendant, **OFFICER SCHAUBERT**, were duly appointed and employed in their official capacity with **IBERIA** and all actions taken by them were in the course and scope of their employment with **IBERIA**.

4.

On or about July 30, 2013 Jerald Stansbury and his wife were experiencing marital difficulties and being the honorable friend that **JOSEPH B. WILLIAMS, JR.** is, **JOSEPH B. WILLIAMS, JR.** offered solace to Stansbury by agreeing to stay at Stansbury's home on the above mentioned date until **JOSEPH B. WILLIAMS, JR.** left for work the following Monday morning.

5.

**JOSEPH B. WILLIAMS, JR.,** in preparation for work the following Monday, brought his tools as well as his work clothes with him in order to wash them at Stansbury's house. The work clothes needed to be washed because **JOSEPH B. WILLIAMS, JR.**  just finished a welding test in Baton Rouge.

6.

**JOSEPH B. WILLIAMS, JR.** and Stansbury left **JOSEPH B. WILLIAMS, JR.'s** house around 9:30 p.m. on the above-mentioned date and procured gas at the truck stop.

7.

**JOSEPH B. WILLIAMS, JR.** and Stansbury then proceeded towards New Iberia to Stansbury's house, but his wife was not there. As a result, Stansbury drove the vehicle towards Lafayette in an attempt to locate his wife.

8.

On the way to Lafayette, Iberia Police Officers, without activating their lights or sirens, were seen following Stansbury's vehicle for no apparent reason.

9.

Stansbury then proceeded to drive the vehicle, but in an attempt to not interfere with the aforementioned Officers' presumed investigation, Stansbury directed the vehicle into a driveway in order to allow the Officers to pass Stansbury's vehicle and continue its patrol.

10.

Unknowingly, Stansbury attempted to turn around in one of the patrolling Officers' residence.

11.

**OFFICER ZACHARY SCHAUBERT** proceeded to exit his patrol unit and handcuff Stansbury, the driver of the vehicle.

12.

After handcuffing Stansbury, **OFFICER SCHAUBERT**, advanced to the passenger side of the vehicle where **JOSEPH B. WILLIAMS, JR.** was seated.

13.

**OFFICER SCHAUBERT** informed **JOSEPH B. WILLIAMS, JR.** to place his hands out of the vehicle and as **JOSEPH B. WILLIAMS, JR.** complied, **OFFICER SCHAUBERT** unnecessarily and excessively pulled **JOSEPH B. WILLIAMS, JR.'s** hands and eventually forcefully removed **JOSEPH B. WILLIAMS, JR.** from the vehicle and threw him to the ground.

14.

At this time, **OFFICER SCHAUBERT** informed **JOSEPH B. WILLIAMS, JR.** that he was resisting, however **OFFICER SCHAUBERT's** Confinement Order signed by **OFFICER SCHAUBERT** does not charge **JOSEPH B. WILLIAMS, JR.** with resisting arrest.

15.

After handcuffing **JOSEPH B. WILLIAMS, JR., OFFICER SCHAUBERT** then proceeded to violate the civil rights of **JOSEPH B. WILLIAMS, JR.** by excessively and incessantly beating **JOSEPH B. WILLIAMS, JR.** in the face, shoulder, and neck, all while **JOSEPH B. WILLIAMS, JR.** was effectively immobilized in handcuffs.

16.

Specifically, during the beating **OFFICER SCHAUBERT** unholstered his duty weapon and then placed it upon **JOSEPH B. WILLIAMS, JR.'s** temple, while **JOSEPH B. WILLIAMS, JR.** was still in handcuffs, and **OFFICER SCHAUBERT stated** to **JOSEPH B. WILLIAMS, JR.** that, "You don't know how bad I want to kill you."

17.

**OFFICER SCHAUBERT** continued, "Don't come in the jail talking about this or I'm going to come back and kill you."

18.

**OFFICER SCHAUBERT** denied **JOSEPH B. WILLIAMS, JR.** medical assistance and violated his Fourth and Fourteenth Amendment Rights and without probable cause, illegally and unlawfully seized and detained petitioner, who was merely the passenger in the vehicle.

19.

**OFFICER SCHAUBERT** also violated **JOSEPH B. WILLIAMS, JR's** Fifth Amendment rights by failing to advise him of the same.

20.

**JOSEPH B. WILLIAMS, JR.** was not involved in any criminal activity on the night in question, did not pose a danger to himself or other members of the public when he was brutally attacked by **OFFICER SCHAUBERT**, and was merely a passenger in the vehicle.

21.

As a result of the violent attack, **JOSEPH B. WILLIAMS, JR.** suffered and continues to suffer from grueling physical and severe emotional injuries.

22.

The physical violence that **JOSEPH B. WILLIAMS, JR.** experienced consisted of a severely beaten face where a knot was left, a chipped bone in his face, extreme trauma to his shoulder and knee, and reinjuring 3 discs in his neck that were already highly susceptible to injury.

23.

**JOSEPH B. WILLIAMS, JR.** was falsely imprisoned for 179 days and as a result of this false imprisonment, **JOSEPH B. WILLIAMS, JR.** has lost his home, missed out on numerous family events, has nightmares and frequent panic attacks as he has had to relive this traumatic experience almost daily.

24.

Plaintiff, **JOSEPH B. WILLIAMS, JR.,** is still in a state of confusion and disbelief as to why he has become the victim of Police brutality brought upon by officers of the IBERIA PARISH SHERIFF'S OFFICE.

25.

Thereafter, Defendants, in violation of the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States, without probable cause illegally and unlawfully, arrested, imprisoned and detained petitioner. In addition to the approximately three (3) unidentified officers at the scene and the named officer, **SHERIFF LOUIS ACKAL AND IBERIA PARISH SHERIFF'S OFFICE**, all encouraged, authorized, and/or acquiesced in their unconstitutional conduct.

## CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS

26.

The acts of Defendants on **July 30, 2013**, are a part of the practices, policies, customs and usages of the City of Iberia, namely **IBERIA**, its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing, to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence.

27.

As a direct consequence of these actions by Defendants, Petitioner was deprived of his liberty for a substantial period of time, suffered and continues to suffer physical and mental pain and anguish, acute mental distress, embarrassment, humiliation, permanent scarring and continues to suffer economic losses as a result of the incident which was in public view and which received notoriety.

28.

Additionally, Petitioner was injured as a result of the defamation by Defendants through their false accusations which were made with malice and were published in public records in various newspapers and which resulted in injury to Petitioner. Petitioner has incurred considerable costs, expenses, and attorney fees, pursuant to successfully defend prosecution of the false criminal charges against him and of which he seeks acquittal.

29.

The Constitutional rights of **JOSEPH B. WILLIAMS, JR.,** that were deprived, were clearly established and well known to a reasonable person. The unreasonably excessive actions of the officers were objectively unreasonable and the lack of physical resistance by the Petitioner against any of the officers at the scene. The above violations and torts were committed as a result of the policies, customs, and procedures of **IBERIA and ACKAL,** and upon information and belief it was the policy, custom, and practice of the Defendants, **IBERIA, and ACKAL**, to inadequately and improperly train and supervise their employees regarding:

    A.  Proper police procedure;

    B.  Proper force continuum;

    C.  Constitutional protections and safeguards of individuals;

    D.  Proper procedures for when to use excessive force under the above – described circumstances;

    E.  Proper training techniques for the moving of an individual from one place to another by an officer; and

    F.  Proper training techniques of controlled force usages and implementation.

30.

Further, upon information and belief, the inadequate training and supervision was known by Defendants, **IBERIA, ACKAL, and OFFICER(s),** previous to the actions taken by the Defendants against the Petitioner.

31.

The Defendants subjected the plaintiff to these deprivations of his rights, either intentionally or maliciously, or by acting within a reckless disregard for whether **JOSEPH B. WILLIAMS, JR.'s** rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

32.

Upon information and belief, after the unlawful arrest and excessive force was used against the Plaintiff, Defendants collectively entered into a conspiracy to deprive **JOSEPH B. WILLIAMS, JR.** of his constitutional rights by claiming **JOSEPH B. WILLIAMS, JR.** had resisted arrest which led to his alleged arrest, all while they knew the allegations that **JOSEPH B. WILLIAMS, JR.** had committed any alleged crimes which commanded such violence by them, was in fact false.

33.

Upon information and belief, there was no threats of violence by Petitioner and no officer safety threats presented by Petitioner especially once he was clearly on the ground and in handcuffs, to support any use of excessive force or use of physical restraints or violence while at the scene by any of the officers.

34.

The above described conduct constitutes one or more violations of 42 USC 1983, *et seq.*

## CAUSE OF ACTION- STATE LAW CLAIMS

35.

The excessive force and injury of **JOSEPH B. WILLIAMS, JR.** by members of the **IBERIA PARISH SHERIFF'S OFFICE** and **SHERIFF LOUIS ACKAL** was committed through gross acts and wanton negligence of **OFFICER ZACHARY SCHAUBERT** as follows:

A.  Unreasonably forcefully grabbing the arms of **JOSEPH B. WILLIAMS, JR.,** despite him complying with the officers orders;

B.  Unlawfully detaining, seizing, and arresting **JOSEPH B. WILLIAMS, JR.** without probable cause and despite his compliance;

C.  Falsely imprisoning **JOSEPH B. WILLIAMS, JR.;**

D.  Using excessive force despite the fact that **JOSEPH B. WILLIAMS, JR.** was not threatening the safety of anyone at the scene;

E.  Failing to control the situation without using excessive force;

F.  Employing improper police procedures when unnecessarily violently, aggressively, and continuously mauling Petitioner while his arms were in a restraint position behind his back;

G.  Employing improper police procedures when unnecessarily violently and aggressively placing a gun to the temple of **JOSEPH B. WILLIAMS, JR.** and continuously threatening to kill him, all while Petitioner laid defenseless and effectively immobilized in handcuffs;

H.  Employing improper police procedures in their decision to use excessive

force; and

I.  Failing to do what they should have done and see what they should have seen

to avoid the injuries to **JOSEPH B. WILLIAMS, JR.**

36.

As the employer of the police officers, **IBERIA** and **ACKAL** are responsible

under the legal doctrine of *Respondeat superior* for all the damages and injures

occasioned herein by the negligence of the officers who at all times material hereto

operating within the course and scope of their employment with **IBERIA.**

37.

**IBERIA** is liable independently for its negligence in failing to properly train and

supervise its officers.

38.

The supplemental jurisdiction of this court is hereby invoked pursuant to Section

1367 of Title 28 USC to assert the following causes of action. Petition incorporates all of

the allegations of the previous articles as copied herein extensor. The allegations herein

including false arrest, false imprisonment, assault, battery, failure to provide medical

attention, negligent and intentional infliction of emotional distress, cruel treatment,

malicious prosecution and defamation constitutes violations of Petitioner's rights

actionable under the laws of the State of Louisiana and were the proximate and legal

causes of the injuries done to Petitioner, entitling him to damages as are just in the

premises.

## DAMAGES AND HARM – ALL COUNTS AND CAUSES OF ACTION

### 39.

The above conduct of the Defendants was the cause (direct and proximate) of the harm and permanent injury to **JOSEPH B. WILLIAMS, JR.** and the resulting damages as described subsequently.

### 40.

As a result of the above-described incident, **JOSEPH B. WILLIAMS, JR.** suffered immense pain in his face where a knot was left, he has tremendous constant headaches, has re injured several discs in neck, and suffers from serious trauma in his knee and shoulder.

### 41.

As a result of the above described incident, **JOSEPH B. WILLIAMS, JR.**, has suffered and will continue to suffer great physical and mental pain and suffering, has suffered a past and future loss of earnings and earning capacity, has incurred and will continue to incur medical bills and has suffered a loss of enjoyment of life.

### 42.

Petitioner, **JOSEPH B. WILLIAMS, JR.,** respectfully represents that he is entitled to the following amounts from Defendants who are liable (*insolido* or otherwise) as a result of the acts and misconducts alleged previously for:

A.  Compensatory damages against Defendants, and each of them, insolido, in the amount to be determined at the trial

B.  Treble, exemplary and/or punitive damage against Defendants, in an amount to be determined at the trial;

13

C.  The cost of this action, including attorney fees; and

D.  Such other and further relief as this Court may deem appropriate.

43.

Petitioner, **JOSEPH B. WILLIAMS, JR.,** requests a trial by jury on all matters so triable.


**WHEREFORE**, Petitioner, **JOSEPH B. WILLIAMS, JR.,** prays that the defendants be served, in accordance with the law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be judgment in favor of **JOSEPH B. WILLIAMS, JR.**, against the Defendants, **IBERIA PARISH SHERIFF'S OFFICE, SHERIFF LOUIS ACKAL, OFFICER ZACHARY SCHAUBERT**, jointly, several, and insolido for all sums that are due as allowed by law, including all court costs and expert fees, including legal interest thereon, until paid and for such other and further legal and equitable relief as the Court may deem necessary, proper, and reasonable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.


**Respectfully submitted:**


**By: _____**
**HAROLD D. REGISTER, JR., #16764**
**216 Rue Louis XIV**
**Lafayette, LA  70598-0214**
**Telephone: (337) 981-6644**
**Facsimile: (337) 981-6692**

**PLEASE SERVE:**

**IBERIA PARISH SHERIFF'S OFFICE and SHERIFF LOUIS ACKAL**
**Through Its Agent for Service of Process**
**Louis Ackal**
300 Iberia Street, Suite 120
New Iberia, Louisiana 70560

**ZACHARY SCHAUBERT**
300 Iberia Street, Suite 120
New Iberia, Louisiana 70560

**OFFICE OF RISK MANAGEMENT**
Claiborne Building, Suite G-192
1201 North Third Street
Baton Rouge, LA 70802

**OFFICE OF THE ATTORNEY GENERAL**
James D. "Buddy" Caldwell
1885 North Third Street
Baton Rouge, LA 70804

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-IBERIA DIVISION

| | |
|---|---|
| **JOSEPH B. WILLIAMS, JR** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | |
| **IBERIA PARISH SHERIFF OFFICE,** **SHERIFF LOUIS M. ACKAL,** **AND** **OFFICER ZACHARY SCHAUBERT** | **JUDGE** _____ |
| | **MAGISTRATE** _____ |

## AFFIDAVIT OF VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

 **BEFORE ME**, the undersigned Notary Pubic, duly commissioned and qualified within and for the State and Parish aforesaid, personally appeared **JOSEPH B. WILLIAMS, JR** who, after being by me duly sworn, said that he has read the pleadings in the above-captioned petition, and all of the allegations of fact contained therein are true and correct, to the best of his knowledge, information, and belief.

_____
**JOSEPH B. WILLIAMS, JR**

16

**SWORN TO AND SUBSCRIBED**, before me, this _____ day of

_____, 2014.

_____

**HAROLD D. REGISTER, JR., #16764**
**216 Rue Louis XIV**
**Lafaytte, LA  70508**
**(337) 981-6644**