UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH B. WILLIAMS, JR. | CIVIL ACTION NO. 6:14-cv-00633 |
| VERSUS | JUDGE DOHERTY |
| IBERIA PARISH SHERIFF'S OFFICE, SHERIFF LOUIS M. ACKAL, AND OFFICER ZACHARY SCHAUBERT | MAGISTRATE JUDGE HANNA |

### RULE 7(a)  HEIGHTENED  PLEADING  REVIEW

In this §1983 civil rights suit, the plaintiff sued the Iberia Parish Sheriff's Office, Sheriff Louis M. Ackal, and law enforcement officer Zachary Schaubert. Sheriff Ackal and Officer Schaubert were sued in both their individual capacities and in their official capacities.  In their answer, the defendants pleaded qualified immunity.  The undersigned has therefore conducted an evaluation of the plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.[1]

After review, the undersigned concludes that the "plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the

---

[1] See *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

illegality of defendant's conduct at the time of the alleged acts."[2] The plaintiff alleges that he was a passenger in a vehicle being driven by his friend Jerald Stansbury on July 30, 2013, when Office Schaubert stopped the vehicle, forcefully removed the plaintiff from the vehicle, threw him to the ground, placed him in handcuffs, and then "excessively and incessantly" beat him in the face, shoulder, and neck while he was "immobilized in handcuffs." He claims that a knot was left on his face where a bone was chipped during the beating, that he sustained extreme trauma to his shoulder and knee, and that the beating resulted in reinjury to three disks in his neck that were already susceptible to injury. The plaintiff further alleges that Officer Schaubert placed his firearm on the plaintiff's temple and said, "You don't know how bad I want to kill you." The plaintiff further contends that he was falsely imprisoned for 179 days following the beating, which resulted in him losing his home and missing numerous family events. He also alleges that these events cause nightmares and frequent panic attacks. The plaintiff alleges that his Fourth, Fifth, and Fourteenth Amendment rights were violated, and he also alleges various state-law causes of action including false arrest, false imprisonment, assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, malicious prosecution, and defamation.

---

[2] *Schultea*, 47 F.3d at 1434.

Although the court may later determine the facts in favor of the defendants, the sole issue presented here is whether the plaintiff has satisfied the heightened pleading requirement of *Shultea*, which the undersigned concludes he has done. Thus, no order limiting discovery under *Schultea* is appropriate.

Signed at Lafayette, Louisiana on this 4th day of August 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE